UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. WARD, JR., et al., | : | Case No. 1:09-cv-473 |
| | : | |
| Plaintiffs | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | DEFENDANT FDIC AS RECEIVER |
| INTERCONTINENTAL MORTGAGE | : | FOR BANKUNITED, FSB'S REPLY |
| GROUP, LLC, et al., | : | IN SUPPORT OF MOTION TO |
| | : | DISMISS, OR IN THE ALTERNATIVE, |
| Defendants. | : | <u>FOR SUMMARY JUDGMENT</u> |

The facts and applicable caselaw dictate dismissal of FDIC-R from this action.[1] Plaintiffs acknowledge that in order to satisfy the Article III "case or controversy" requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. In applying this standard to the facts before the Court, other courts have uniformly held that no effective relief can be granted to a plaintiff with a worthless claim against an FDIC receivership.

Plaintiffs did not identify a single case with a different result. Instead, they argue that because they "may be able to recover from Intercontinental and Burress [the other Defendants], potential sources of recovery exist for Plaintiffs' money damages claims." Whether or not Plaintiffs can recover from the *other Defendants* has no bearing on whether the Court should dismiss the claims against FDIC-R. The fact is that there are

---

[1] FDIC-R moved for dismissal under Rule 12(b)(1) or, in the alternative, for judgment under Rule 56. Plaintiff argues that FDIC-R failed to offer evidence in support of its request for summary judgment. However, FDIC-R attached to its Motion a copy of a page from the Federal Register. That page shows that the FDIC determined that the proceeds that can be realized from the liquidation of the assets of BankUnited, FSB's receivership estate are insufficient to satisfy the priority claims of depositors. As a result, Plaintiffs' claim, and the claims of any other general creditors, is worthless. Federal Register, Vol. 75, No. 216, p. 68789, copy attached to the Motion as Exhibit A. That fact is undisputed and warrants judgment in FDIC-R's favor as a matter of law. The issues raised in the State Court motion for summary judgment filings, which Plaintiffs raised in response to the Motion, are irrelevant.

12156766.1

not and never will be any funds in the receivership estate to pay Plaintiffs' claim.  As is clear from the cases cited in the Motion, without the possibility of any effective relief, Plaintiffs cannot satisfy the "case or controversy" requirement.

Further, FDIC-R moved to dismiss the claims against it on the basis of prudential mootness.  Plaintiffs' response to this argument, and the cases that support the result FDIC-R seeks, is again nothing more than the statement that because there are other Defendants, FDIC-R should remain in the case, too.  However, any possible benefit conferred on Plaintiffs in having their claim against FDIC-R adjudicated—and it is unclear, even from Plaintiffs' memorandum in opposition, what that benefit would be—is greatly outweighed by the expenditure of time and money by the parties.  Plaintiffs are already claimants against the BankUnited receivership estate.  Having their claims in this lawsuit reduced to judgment is as worthless as the receivership claim itself.

Finally, Plaintiffs make the argument that because they have alleged a civil conspiracy claim against all of the Defendants, FDIC-R is a necessary party under Rule 19.  Aside from citing Rule 19, Plaintiffs offer no law in support of this statement.  In fact, Ohio caselaw indicates that while alleged co-conspirators may be added as defendants, they are not required to be.  *Christian v. Twinsburg City School Dist.*, Case No. 13516, 1988 WL 93219, at *3 (Ohio Ct. App. Sept. 7, 1988) (citing Ohio Civ. R. 20).  Plaintiffs can continue to pursue their conspiracy claims against one or all of the co-conspirators.  Nothing about the conspiracy claim overrides the legal and prudential reasons for dismissing FDIC-R from this suit.

In sum, the Court should dismiss FDIC-R from this action because the Court lacks subject-matter jurisdiction over the claims alleged against FDIC-R.  In the

alternative, summary judgment in favor of FDIC-R is appropriate because there is no genuine issue as to any material fact, and FDIC-R is entitled to judgment as a matter of law.

Respectfully submitted,

/s/ *Catherine E. Howard*
Timothy C. Sullivan (0031069)
Catherine E. Howard (0076432)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838/ (513) 381-0205 (fax)
howard@taftlaw.com
Counsel for FDIC-R

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on May 5, 2011 using the Court's CM/ECF filing system, which will transmit notice of the filing to all counsel of record in this case, and was sent by U.S. Mail to the following:

William L. Burress, III
5608 Shagbark Court
Mason, Ohio 45040-6638

Intercontinental Mortgage Group, LLC
4700 Duke Drive, Suite 110
Mason, Ohio 45040

/s/ *Catherine E. Howard*
Catherine E. Howard