## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GEORGE W. WARD, JR., *et al.*,       :    Case No. 1:09-cv-473
                                          :
            Plaintiffs,            :    Judge Timothy S. Black
                                          :
v.                                      :
                                          :
INTERCONTINENTAL MORTGAGE    :
GROUP, LLC, *et al.*,               :
                                          :
            Defendants.          :

## ORDER

This case is before the Court on the Motion to Dismiss filed by Defendant Federal Deposit Insurance Corporation, as Receiver for BankUnited FSB (Doc. 24) and the parties' responsive memoranda (Docs. 25, 27).  For reasons stated herein, the motion is **GRANTED**.

## I.       BACKGROUND

Plaintiffs George and Lauretta Ward are a married couple residing in Hamilton County, Ohio.  (Doc. 4 at ¶ 1).  In July 2005, George Ward contacted Intercontinental Mortgage Group, LLC in response to advertisements he had received offering adjustable rate mortgages.  (*Id*. at ¶ 6).  The Wards were directed to Intercontinental loan officer William Howard, whom they allege proposed a refinancing plan that would provide the Wards with an adjustable rate mortgage.  (*Id.* ¶ 7-8).  The Wards also allege that they were told that all of their monthly mortgage payments would contribute to both the loan's principal balance and accruing interest.  (*Id.*).  The Wards met with Howard and other

Intercontinental officials on August 10, 2005 to close the mortgage loan.  (*Id*. at ¶ 9).  In the fall of 2005, the Wards discovered that their monthly payments covered only interest, and did not reduce the principal balance of their loan.  (*Id*. at ¶16).   The Wards sought a recision from BankUnited FSB, which refused.  (*Id*. at ¶17).

On July 26, 2006, the Wards brought suit in the Hamilton County Court of Common Pleas against BankUnited FSB, Intercontinental Mortgage Group, LLC, Intercontinental principal William Burress, and Intercontinental loan officer William Howard.  (Doc. 3 at 1-2).  Plaintiffs alleged that (1) the statements made by Intercontinental through Burress and Howard constituted fraud; (2) Intercontinental and BankUnited FSB violated the Real Estate Settlement Procedures Act by Intercontinental receiving and BankUnited FSB paying a referral fee in connection with the Wards' refinancing; (3) Burress conducted the affairs of Intercontinental through a pattern of racketeering activity in violation of 18 U.S.C. § 1962;  (4) BankUnited, Intercontinental, Howard, and Burress entered into a conspiracy to perpetrate the racketeering activity; (5) Intercontinental breached its financing contract with the Wards; (6) Intercontinental and Burress made false and misleading promises to the wards in violation of Ohio Rev. Code § 1322.07(B); and (7) Intercontinental and Burress breached their fiduciary duty to the Wards.  (Doc. 4 at ¶¶ 19-49).

On May 21, 2009, the Office of Thrift Supervision declared BankUnited insolvent and appointed the Federal Deposit Insurance Corporation as its receiver ("FDIC-R").

(Doc. 24 at 2).  By accepting the appointment as receiver pursuant to 12 U.S.C. § 1821(c)(3)(A), FDIC-R succeeded to all rights, titles, powers, and privileges and FDIC-R now stands in place of BankUnited in all litigation.  (*Id.*).

On July 1, 2009, the Hamilton County Court of Common Pleas granted FDIC-R's motion to substitute FDIC-R for BankUnited as the real party in interest in the state court action.  (Doc. 24 at 2).  FDIC-R subsequently removed the case to federal court, and this Court stayed the action during FDIC-R's administrative review of Plaintiffs' claims.  (*See* Doc. 8).  On April 6, 2010, FDIC-R sent a letter to Plaintiffs rejecting their claim, and on April 9, 2010 Plaintiffs asked the Court to continue the case.  (*See* Doc. 9).

On November 4, 2010, the FDIC determined that the proceeds that can be realized from BankUnited FSB's receivership estate are insufficient to wholly satisfy the priority claims of depositors. Fed. Reg., Vol. 75, No. 216, p. 68789 (Doc. 24, Ex. A).  After the satisfaction of secured claims, depositor claims, and claims that have priority over depositors, no amount will remain or will be sufficient to allow a dividend, distribution, or payment to any claims of general creditors of the receivership of BankUnited. (*Id.*).  As a result, Plaintiffs will be unable to recover any judgment they may win against BankUnited FSB.  (Doc. 24 at 3).

FDIC-R filed a Motion to Dismiss Plaintiffs' claims against the receivership (Doc. 24) on March 24, 2011.  Plaintiffs filed a timely Response in Opposition (Doc. 25), and FDIC-R filed a timely reply (Doc. 27).

III.    ANALYSIS

Defendant FDIC-R seeks dismissal of Plaintiffs' claims against it on the grounds that Plaintiffs' claims are worthless, and, therefore, no case or controversy exists under Article III of the United States Constitution.  (Doc. 24 at 1).  Alternatively, Plaintiff argues that the case should be dismissed under principles of prudential mootness.  (*Id.*).  Finally, FDIC-R argues that if the Court does not find grounds for dismissal, summary judgment is appropriate because there is no genuine issue as to any material fact.  (*Id.*).

Under 12 U.S.C. § 1821(i)(2), a claimant's recovery against the FDIC acting as a receiver is limited to the amount the claimant would have received in liquidation; plaintiffs may not look to relief from the FDIC's coffers.[1]  *See also First Ind. Fed. Sav. Bank v. FDIC*, 964 F.2d 503, 507 (5th Cir. 1992).  Any possible recovery by the Wards against FDIC-R must therefore come from the receivership estate.

In this case, the FDIC has determined that general creditor claims against the receivership of BankUnited FSB are "worthless," meaning there are not and never will be sufficient assets to pay any dividend, distribution, or payment to claims of general

_____

[1]  12 U.S.C. § 1821 expressly states that:

> The maximum liability of the Corporation, acting as receiver or in any other capacity, to any person having a claim against the receiver or the insured depository institution for which such receiver is appointed shall equal the amount such claimant would have received if the Corporation had liquidated the assets and liabilities of such institution without exercising the Corporation's authority under subsection (n) of this section or section 1823 of this title.

creditors. (Doc. 24 at 5). This determination is a final agency action, and is therefore subject to challenge only pursuant to the Administrative Procedures Act, 5 U.S.C. § 701. *See e.g., Santopadre v. Pelican Homestead & Savings Assoc.*, 937 F.2d 268, 272 (5th Cir. 1991). The FDIC's finding that claims such as the Wards' are worthless is therefore binding on this Court and is preclusive as to whether there are now or ever will be assets sufficient to satisfy the claims. *See Adams v. Resolution Trust Corp.*, 927 F.2d 348, 354 (8th Cir. 1991).

Defendant FDIC-R argues that the determination that Plaintiffs' claims against the receivership are worthless deprives the Court of jurisdiction to adjudicate the claims. (Doc. 24 at 6). Article III, Section II of the United States Constitution extends the judicial power of the United States only to "cases" and "controversies." To bring a claim in federal court, plaintiffs must satisfy the following "irreducible minimum" Constitutional requirements: (1) proof that the plaintiff suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; (2) the injury must be "fairly traceable" to the challenged action; and (3) there must be a substantial likelihood that the relief requested will redress the plaintiff's injury. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

Plaintiffs seek only monetary damages against FDIC-R, and several federal courts of appeals have held that no effective relief can be granted to a plaintiff with a worthless claim against a receivership. *See FDIC v. Kooyomjian*, 220 F.3d 10, 15 (1st Cir. 2000)

(the FDIC's worthlessness determination "precludes any relief" for the party even if it were successful on the merits); *First Ind. Fed. Sav. Bank*, 964 F.2d at 507 (5th Cir. 1992) (because "there are no set of circumstances" under which the plaintiff could recover on its worthless claims, the "claims are not susceptible of redress by any court" and "adjudication of the claims would be futile"); *Adams*, 927 F.2d 348, 354 (8th Cir. 1991) (Bank Board's determination that plaintiff's claims were worthless required dismissal because the court could not grant any effective relief).

Plaintiffs have set forth no argument challenging the FDIC's worthlessness determination, nor do they dispute that they will be unable to recover a judgment from the receivership estate.  (*See* Doc. 25 at 1).  Instead, Plaintiffs argue that because they may be able to recover from the other Defendants, their injuries can be redressed by a favorable judicial decision.  (*Id*. at 2).  However, the Constitutional standing requirements are analyzed separately for each claim and party.  *See Int'l Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72, 76 (1991).  Plaintiffs may well be able to obtain redress from other Defendants, but that does not satisfy the requirement that they demonstrate injury, causation, and redressability as to their claims against FDIC-R.

Plaintiffs also argue that their RICO conspiracy claim against BankUnited, Burress, and Intercontinental prevents the dismissal of FDIC-R because it is a necessary party under Rule 19.  (Doc. 25 at 2).  However, co-conspirators are generally not considered indispensable parties under Rule 19.  *See Casas Office Mach., Inc. v. Mita*

*Copystar Am., Inc.*, 42 F.3d 668, 677 (1st Cir. 1994); *see also Christian v. Twinsburg City Sch. Dist.*, No. 13516, 1988 WL 93219, at *3 (Ohio Ct. App. Sept. 7, 1988). Further, Plaintiffs have set forth no argument that FDIC-R's presence is necessary because its absence would prevent the Court from according complete relief among the parties, impede FDIC-R's ability to protect its interests, or leave another party subject to a substantial risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a).

FDIC-R has established that Plaintiffs will be unable to satisfy any judgment against it, and is therefore unable to obtain redress for their injury as a result of a favorable adjudication of their claims. Therefore, Defendant FDIC-R's Motion to Dismiss is **GRANTED**.[2]

## III.    CONCLUSION

For the reasons stated herein, Defendant FDIC-R's Motion to Dismiss for failure to state a claim is **GRANTED**. All claims by Plaintiffs against FDIC-R are dismissed and FDIC-R is terminated from this action.

**IT IS SO ORDERED.**

Date: ___1/3/2012___

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[2] Because the Court finds that Plaintiffs cannot satisfy the Article III standing requirements, there is no need to address FDIC-R's claims of prudential mootness or summary judgment.