UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE W. WARD, Jr., et al.,
    Plaintiffs

vs

INTERCONTINENTAL
MORTGAGE GROUP, LLC., et. al.,
    Defendants

Case No. 1:09-cv-473
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiffs George W. Ward, Jr. and Lauretta Ward bring this civil action against defendants Intercontinental Mortgage Group, LLC. ("Intercontinental"), and William L. Burress, III. This matter is before the Court on plaintiffs' motion for default judgment against defendant Intercontinental pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 37).

Plaintiffs originally filed this action in state court. (Doc. 1, Ex. 1). Defendants removed the action to this Court. (Doc. 1). On December 1, 2010, counsel for defendants Intercontinental and Burress filed a motion to withdraw. (Doc. 21). The motion was granted on March 14, 2011. (Doc. 23). Because a corporation may appear in federal court only through an attorney, on January 6, 2012, Judge Black ordered defendant Intercontinental to secure counsel and further ordered that counsel must enter an appearance on behalf of the company within twenty-one days. (Doc. 30). The Court advised Intercontinental that its failure to do so could result in the Court's entry of a default judgment against the company. (Doc. 30).

Notice of the order to secure counsel that had been sent to defendant Intercontinental by ordinary and certified mail was returned to the Court as undeliverable. (Docs. 31, 32, 33). Judge Black issued an order finding that defendant Intercontinental had failed to apprise the Court of its change of address and that this failure did not excuse defendant of its obligation to comply with

the Court's January 6, 2012 order to secure counsel. (Doc. 34). Plaintiffs were ordered to seek an entry of default and to file a motion for default judgment against defendant Intercontinental, or to show cause why the action should not be dismissed for lack of prosecution. *Id.* The order was served on defendant William L. Burress, III, the statutory agent for defendant Intercontinental. (Docs. 34, 35). Plaintiffs subsequently filed a motion for default judgment against defendant Intercontinental on March 7, 2012. (Doc. 37).

Title 28 U.S.C. § 1654 provides, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." Although § 1654 permits an individual to represent his or her own interests in federal court, the statute does not permit artificial entities, such as corporations, partnerships, associations, limited liability companies, trusts or estates, to prosecute or defend in a federal court except through an attorney that is licensed and admitted to practice in that particular court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (all artificial entities, such as corporations, partnerships, or associations, may appear in federal court only through a licensed attorney); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in Federal Court except through an attorney"). *See also U.S. v. Hagerman*, 545 F.3d 579, 581-582 (7th Cir. 2008) (limited liability corporation must appear through counsel). Default judgment has been found to be appropriate when a corporate defendant has failed to obtain, and appear through, counsel. *See Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011). *See also Tri-State Hospital Supply Corp. v. Medi-Pac*, No. 1:06-cv-824, 2007 WL 3146553 (S.D. Ohio Oct. 25, 2007) (Barrett, J.) (default judgment entered when defendant corporation failed to

appear through counsel, even when a lay person entered a response to the Court's order to show cause).

Here, counsel has not entered an appearance on behalf of defendant Intercontinental within twenty-one days as required by the Court's January 6, 2012 order. (Doc. 34). An entry of default against defendant Intercontinental and default judgment in favor of plaintiffs and against this defendant is therefore warranted pursuant to Fed. R. Civ. P. 55(a) and (b).

Accordingly, the Clerk is **DIRECTED** to enter defendant Intercontinental Mortgage Group, LLC's default pursuant to Fed. R. Civ. P. 55(a).

It is therefore **RECOMMENDED** that plaintiffs' motion for default judgment against defendant Intercontinental be **GRANTED** pursuant to Fed. R. Civ. P. 55(b).

Date: 7/24/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GEORGE W. WARD, Jr., et al.,
    Plaintiffs

Case No. 1:09-cv-473
Black, J.
Litkovitz, M.J.

vs

INTERCONTINENTAL
MORTGAGE GROUP, LLC., et al.,
    Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>William L. Burress, III<br>5608 Shagbark Ct.<br>Mason, OH 45040 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9159 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |